# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAURA ANN BROWN,**

**Plaintiff,**

**v.**                                                          **Case No: 6:20-cv-490-LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

_____

# MEMORANDUM OF DECISION[1]

Laura Ann Brown ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits.  Doc. No. 1.  Claimant raises one argument challenging the Commissioner's final decision and based on that argument, requests that the matter be remanded for further administrative proceedings.  Doc. No. 28, at 19, 42.  The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed.  *Id.* at 42, 43.  For the reasons stated herein, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    PROCEDURAL HISTORY.

On May 3, 2016, Claimant filed an application for disability insurance benefits, alleging a disability onset date of February 1, 2013.  R. 19, 76, 187.  Claimant's application was denied

_____

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  *See* Doc. Nos. 21, 24–25.

initially and on reconsideration, and she requested a hearing before an ALJ.   R. 110, 114, 120, 122.

A hearing was held before the ALJ on August 29, 2018, at which Claimant was unrepresented.   R.

45–74.   Claimant and a vocational expert ("VE") testified at the hearing.   *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not

disabled.   R. 19–38.   Claimant sought review of the ALJ's decision by the Appeals Council.   R.

183–85, 296–301.   On January 21, 2020, the Appeals Council denied the request for review.   R.

1–6.   Claimant now seeks review of the final decision of the Commissioner by this Court.   Doc.

No. 1.

## II.   THE ALJ'S DECISION.[2]

After careful consideration of the entire record, the ALJ performed the five-step evaluation

process as set forth in 20 C.F.R. § 404.1520(a).   R. 19–38.[3]   The ALJ first found that Claimant

last met the insured status requirements of the Social Security Act on March 31, 2018.   R. 21.   The

ALJ then concluded that Claimant had not engaged in substantial gainful activity from the alleged

disability onset date of February 1, 2013, through her date last insured.   R. 22.   The ALJ found that

Claimant suffered from the following severe physical impairments:   degenerative disc disease

(DDD) of the cervical and lumbar spine; bilateral carpal tunnel syndrome (CTS); and chronic

obstructive pulmonary disease (COPD).   *Id.*   The ALJ concluded that Claimant's mental

---

[2] Upon a review of the record, counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.   Doc. No. 28.   Accordingly, the Court adopts those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy.   *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

impairment (substance use disorder) was not severe. *Id.* The ALJ also concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 25–26.

Based on a review of the record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[4] with the following additional limitations:

> The claimant could lift or carry 20 pounds occasionally (up to one-third of the workday) and 10 pounds frequently (up to two-thirds of the workday), stand or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. The claimant could frequently push and pull with both upper extremities; could frequently climb ramps and stairs; could never climb ladders, ropes, or scaffolds; could occasionally stoop, kneel, crouch, and crawl; and, could frequently handle and finger with both upper extremities. Additionally, the claimant had to avoid even moderate exposure to pulmonary irritants, such as fumes, odors, dusts, gases, and poor ventilation; and, had to avoid even moderate exposure to workplace hazards, such as moving machinery, moving mechanical parts, or unprotected heights.

R. 26–27.

After considering the record evidence, Claimant's RFC, and the testimony of the VE, the ALJ found that Claimant was capable of performing past relevant work as an assistant manager (in retail) or as a pawn broker, finding that Claimant's past work did not require the performance of work-related activities precluded by Claimant's RFC. R. 37. Accordingly, the ALJ concluded

---

[4] The social security regulations define light work to include:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

that Claimant was not under a disability from the alleged disability onset date (February 1, 2013) through the date last insured (March 31, 2018).   R. 38.

### III.    STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).   The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).   The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### IV.    ANALYSIS.

In the Joint Memorandum, which the Court has reviewed, Claimant raises one assignment of error (including several sub-arguments) regarding the ALJ's alleged failure to properly weigh the medical opinions of treating internist Myredsi Soto-Varela, M.D., which are set forth in an RFC

assessment.   Doc. No. 28, at 19–30.   Specifically, Claimant first takes issue with the ALJ's analysis at step 2 of the sequential evaluation process, arguing that although the ALJ found that she had no limitation with regard to concentration, persistence, or pace, the ALJ failed to account for Claimant's reports of "tiredness" as a side effect of medication; failed to account for her reports that she had difficulty with concentration and completing tasks; and the ALJ failed to consider the opinion of Dr. Soto-Varela that Claimant's symptoms were "marked," causing difficulties or interference in concentration, persistence, and pace up to 2/3 of an 8-hour time span (R. 880).   Doc. No. 28, at 20.    Next, Claimant argues that Dr. Soto-Varela's opinions regarding her physical limitations set forth in the RFC assessment are fully supported by the record and conflict with the RFC determination, and the ALJ failed to provide good cause to give Dr. Soto-Varela's opinions "only some weight."   *Id.* at 21–28.   *See also* Doc. No. 31.   Finally, Claimant argues that the ALJ erred in giving "great weight" to the opinion of the non-examining state agency physician Dr. T. Lawhorn.   Doc. No. 28, at 28–30.   *See also* Doc. No. 31.   In response, the Commissioner maintains that the ALJ's decision is supported by substantial evidence.   Doc. No. 28, at 30–42.

Upon consideration, the Court finds dispositive Claimant's argument that the ALJ failed to provide good cause, supported by substantial evidence, to give the opinions of Dr. Soto-Varela in the RFC assessment "only some weight."   Accordingly, this is the only issue the Court will address.

An individual claiming Social Security disability benefits must prove that he or she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   At the fourth step of the sequential evaluation process, the ALJ must determine Claimant's RFC.   *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).   "[T]he regulations define RFC as that which an individual is still able to do despite the limitations caused

by his or her impairments," which includes consideration of "all the relevant medical and other evidence in the case."  *Id.* (citations and quotations omitted).

In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources.  *See* 20 C.F.R. § 404.1545(a)(3).  The ALJ must consider a number of factors when weighing medical opinions, including: (1) whether the physician examined the claimant; (2) the length, nature, and extent of the physician's relationship with the claimant; (3) the medical evidence supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization.  *Id.* § 404.1527(c).[5]  "These factors apply to both examining and non-examining physicians."  *Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, 832 (11th Cir. 2017) (citing 20 C.F.R. §§ 404.1527(e), 416.927(e)).[6]

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary.  *See* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence).  "The requisite 'good cause' is not provided by the report of a nonexamining physician because the opinion of such a person is entitled to little weight if it contradicts the opinion of the claimant's treating physician."  *Johns v. Bowen*, 821 F.2d 551, 554 (11th Cir. 1987).

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned.  *Winschel*, 631 F.3d at 1179.  The failure to state the weight with

---

[5] Although the SSA regulations have been amended effective March 27, 2017, the new regulations apply only to applications filed on or after that date.  *See* 20 C.F.R. §§ 404.1520c, 416.920c.  Because Claimant filed her application for disability insurance benefits prior to March 27, 2017, the rules in 20 C.F.R. § 404.1527 govern here.

[6] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.  *See* 11th Cir. R. 36–2.

particularity or articulate the reasons in support of the assigned weight may prevent the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id.*

As relevant here, on June 23, 2017, Dr. Soto-Varela completed an RFC assessment regarding Claimant's impairments.   R. 879–82.   On that form, Dr. Soto-Varela indicated that she has been treating Claimant since June 21, 2013.   R. 882.   Dr. Soto-Varela opined as follows.   Claimant could reasonably be expected to sit in an office chair less than 1 hour in an 8-hour workday; and it would be medically necessary that Claimant have the ability to alternate between sitting and standing positions at will.   R. 879.   Claimant has difficulties standing and walking, although Dr. Soto-Varela did not provide an estimation on the amount of time Claimant could stand or walk at one time and indicated that it was "unknown" how long Claimant could reasonably be expected to stand or walk in an 8-hour workday.   *Id.*   However, Claimant is unable to walk 1 block at a reasonable pace on rough or uneven surfaces, due to her COPD and back pain.   R. 881.   It was "unknown" whether there were limits on the amount of weight Claimant could lift/carry, but that Claimant could lift/carry 1 to 5 pounds for 1/3 of an 8-hour workday.   *Id.*   Claimant has issues with both arms in pushing/pulling/reaching, and she could only reach/push/pull for 0–1½ hours in an 8-hour workday.   *Id.*   Claimant also has limitations in the use of both hands due to carpal tunnel syndrome, which would impact/limit the following abilities: typing/writing; manual assembly; fingering/threading; activities requiring fine manipulations; activities requiring manual dexterity; activities requiring fine or manual precision; gripping/grasping; and turning/twisting.   R. 880. Claimant would only be able to use her hands less than 1 hour in an 8-hour workday, due to weakness in her hands and arthritis.   *Id.*   Claimant's pain level and her shortness of breath also impact her ability to function physically.   *Id.*   These findings were based on Dr. Soto-Varela's direct

observation/treatment, patient reports, historic medical records, and labs, imaging, or other diagnostic testing.   R. 882.

In the decision, the ALJ summarized Dr. Soto-Varela's opinions in the RFC assessment, but the ALJ afforded Dr. Soto-Varela's opinions "only some weight because the results of the claimant's physical examinations and a review of her symptoms do not support such severe restrictions, in that the medical evidence as a whole (as set forth below) shows that, during the relevant period, the claimant could perform light work, along with the additional limitations stated [in the RFC]."   R. 28.   In support of that statement, the ALJ provided a detailed discussion of several medical records related to Claimant's severe impairments of degenerative disc disease, bilateral carpal tunnel syndrome, and COPD, some of which appear to support Claimant's allegations of disability, but some of which include normal examination findings.   R. 28–34.   The ALJ also discussed medical records related to Claimant's "nonsevere substance use disorder," including examination findings that could support Claimant's allegations, as well as some that may not.   R. 34–35.   However, the ALJ does not specifically discuss how any of these medical records actually conflict with Dr. Soto-Varela's opinions in the RFC assessment.   *See* R. 28–35.

The ALJ then states:

On June 23, 2017, Dr. Soto-Varela opined, in a medical source statement, that the claimant could not perform even sedentary work, as she could, in pertinent part, lift or carry only 1 to 5 pounds occasionally and no weight frequently, could sit for only less than 1 hour in an 8-hour workday, would lose balance easily when standing and walking, would need to alternate between sitting and standing positions at will, had limited fine manipulation, and could productively use her hands for only less than 1 hour in an 8-hour; and, that her shortness of breath, pain level, fatigue, exhaustion, or weakness would cause marked difficulties or interference in her concentration, persistence, and pace for up to 2/3 of an 8-hour time span (Exhibit 10F).

This opinion, however, is not accorded controlling weight because opinions on the issues of whether the claimant is "disabled" or "unable to work" are reserved to the Commissioner because they are administrative findings that are dispositive of a case (20 CFR 404.1527(d)).   Moreover, this opinion is accorded only some weight

because the results of the claimant's physical examinations and a review of her symptoms do not support such severe restrictions, in that the evidence as a whole (as set forth in this Finding) shows that, during the relevant period, the claimant could perform light work, although with the additional limitations stated in Finding 5 above.

R. 35–36.

Thus, upon review of the decision, it appears that the ALJ relied on two reasons to give "only some weight" to the opinions of Dr. Soto-Varela: (1) the medical records related to Claimant's physical examinations and the symptoms noted therein do not support the restrictions to which Dr. Soto-Varela opined; and (2) Dr. Soto-Varela's opinions are not warranted controlling weight because they speak to an issue reserved to the Commissioner regarding whether Claimant is "disabled" or "unable to work."   *See* R. 28, 32–36.

Upon consideration, the Court cannot determine whether substantial evidence supports the ALJ's decision with regard to Dr. Soto-Varela's opinions.   First, the ALJ gave "only some weight" to Dr. Soto-Varela's opinions in the RFC assessment, but it is far from clear from a review of the decision whether the ALJ gave *any* weight to Dr. Soto-Varela's opinions, given that the ALJ's RFC determination does not include any of the limitations to which Dr. Soto-Varela opined.   Moreover, while the ALJ provided a lengthy summary of Claimant's medical records, some of which contain findings supporting Claimant's allegations of disability, and some that the ALJ appeared to find did not, the ALJ never specified what particular records he found inconsistent with Dr. Soto-Varela's opinions.   *See* R. 28–35.   Therefore, it is entirely unclear which evidence cited in the decision the ALJ found contradicted Dr. Soto-Varela's opinions, precluding this Court from determining whether the ALJ provided good cause, supported by substantial evidence, to give Dr. Soto-Varela's opinions "only some weight."   *See Fileca v. Berryhill*, No. 6:17-cv-1547-Orl-40JRK, 2019 WL 538670, at *8 (M.D. Fla. Jan. 24, 2019), *report and recommendation adopted*, 2019 WL 527579

(M.D. Fla. Feb. 11, 2019) (finding reversible error where the ALJ "did not explain with the requisite specificity the reasons for discounting the[] opinions [of treating physicians]" although the ALJ discussed elsewhere in the decision the objective evidence of record); *Morris v. Comm'r of Soc. Sec.*, No. 6:15-cv-1928-Orl-GJK, 2016 WL 7210923, at *3 (M.D. Fla. Dec. 13, 2016) (finding reversible error when the ALJ not only failed to state the weight given to treating physician opinion, but also because although the ALJ "set forth" evidence from the medical record, some of which supported the claimant's claims of disability and some of which did not, it was unclear which pieces of evidence the ALJ viewed as contradicting the medical opinion); *Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (remanding for, among other things, the ALJ's failure to identify specific evidence conflicting with treating physician opinion). And because the ALJ did not provide specificity in the perceived conflict between the examination findings and medical records and Dr. Soto-Varela's RFC assessment, "it would be improper for the Court to draw its own conclusions from the ALJ's summary of the medical evidence." *Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1267 (M.D. Fla. 2012) (finding ALJ erred in merely summarizing medical records and then stating doctors' opinions were "inconsistent with the evidence as a whole (as set forth below)" as well as with the doctors' own medical records, without sufficiently explaining the perceived inconsistencies).

Second, the ALJ stated that he did not accord controlling weight to Dr. Soto-Varela's opinions "because opinions on the issues of whether the claimant is 'disabled' or 'unable to work' are reserved to the Commissioner." *See* R. 35–36. However, Dr. Soto-Varela does not simply opine in the RFC assessment that Claimant is "disabled" or "unable to work"; she instead opines as to several specific physical functional limitations allegedly experienced by Claimant. Accordingly, the ALJ's finding in this regard is not supported by substantial evidence. *See Rosario*,

877 F. Supp. 2d at 1267 (finding that ALJ erred by rejecting opinion on the grounds that it made dispositive findings on claimant's ability to work where the opinion at issue included specific functional limitations); *see also Morris*, 2016 WL 7210923, at *3 (finding reversible error where, among other things, the ALJ rejected the opinion of treating physician on an improper legal basis (claiming that it related to an issue reserved for the Commissioner)).

In sum, the Court is unable to determine whether the ALJ provided good cause reasons, supported by substantial evidence, to give the opinions of Dr. Soto-Varela "only some weight." Therefore, the Court must reverse and remand this matter for further administrative proceedings. *See, e.g.*, *Rosario*, 877 F. Supp. 2d at 1266–67; *see also Morris*, 2016 WL 7210923, at *3.[7]

Because the ALJ's consideration of Dr. Soto-Varela's opinions in the RFC assessment are dispositive of this appeal, the Court declines to address Claimant's remaining arguments regarding any alleged error by the ALJ at step two of the sequential evaluation process, or that the ALJ erred in giving great weight to the opinions of the non-examining state agency consultant.   *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## V.    CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1.  The Commissioner's final decision is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[7] In remanding this matter for further administrative proceedings, the Court is not suggesting that the ALJ reach any particular conclusion.   Instead, remand is necessary so that the ALJ can properly address the medical opinions and other evidence of record, regardless of the conclusion ultimately reached.

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner, and thereafter, to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on August 13, 2021.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record